UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4421

BENJAMIN LEWIS ROWLAND,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-73)

Submitted: October 21, 1999

Decided: October 29, 1999

Before WIDENER and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Cromwell, VOGEL & CROMWELL, L.L.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Benjamin Lewis Rowland pled guilty to conspiracy to possess crack cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), and received a sentence of 121 months imprisonment. Rowland contests on appeal the district court's decision not to award him an adjustment for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (1998). We affirm.*

Rowland initially entered a plea of not guilty and was released on bond pending trial. He failed to appear for trial, was apprehended a week later, and subsequently entered a guilty plea, admitting his part in the conspiracy. He received an adjustment for obstruction of justice, see USSG § 3C1.1, as a result of his failure to appear. At sentencing, Rowland argued that his was an unusual case in which a reduction for acceptance of responsibility would be appropriate despite his obstructive conduct. Ordinarily, conduct resulting in an adjustment for obstruction of justice indicates that the defendant has not accepted responsibility; however, in extraordinary cases both adjustments may apply. See USSG § 3C1.1, comment. (n.4). In this case, we cannot say that the district court clearly erred in finding that Rowland had not fully accepted responsibility for his criminal conduct. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (standard of review).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

_____

*Although Rowland's plea agreement contained a waiver of his right to appeal his sentence, the joint appendix does not include a transcript of the guilty plea hearing. We are thus unable to determine whether the waiver was valid, see United States v. Wessells , 936 F.2d 165, 168 (4th Cir. 1991), and must consider the merits of the appeal.

2

materials before the court and argument would not aid the decisional process.

AFFIRMED

3